Dear Mr. Manuel:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Calcasieu Parish Public Library Board of Control, you have asked for our opinion on the following question:
"May the library pay an employee while that employee is attending class at a local university, without taking leave, if:
1. The library determines that the classes are related to the employee's duties and responsibilities and will enhance the employee's competence, and
2. The library will benefit from the employee's attendance, and
3. The employee's attendance is properly documented."
Our office has addressed the propriety of expending public funds on continuing professional education and training for officials and employees on a number of occasions. For example, in Attorney General Opinion No. 93-180 we were asked whether the Lafayette Areawide Planning Commission may use public monies to reimburse its employees for taking job-related educational courses. In our response, we referenced Attorney General Opinion 90-63 which addressed the propriety of the use of public funds for professional development and maintenance of skills by public officers and employees. In Opinion 90-63, we stated the following:
A public official's legal obligation to provide continuing professional education and training for himself and his staff, using public funds, is a function of the nature of the duties and obligations of his office *Page 2 
which he and his staff are required to perform. . . . Implicit in the constitution and laws granting a public official or employee duties to perform, and powers to fulfill those duties, is a strong public policy that public funds may legitimately be used to assist such a public official to acquire, cultivate, or improve the professional skills and scope of knowledge necessary for him or her to exercise those powers and duties wisely, competently, efficiently, and above all, for the public good.
We ultimately opined that where required by the nature and complexity of the duties of a public office, public funds may be used to pay the cost of continuing professional education and training for officials and employees. Similarly, in Attorney General Opinion No. 05-0036 we opined that "[p]ublic funds may be utilized to educate and equip public officials and personnel with regard to their public duties and responsibilities."
In Attorney General Opinion No. 09-0015, we were asked by the St. Tammany Fire Protection District No. 4 whether it could reimburse an employee's tuition for attending Pikes Peak Community College. There, we opined that public funds may not be used to pay for firefighters to receive a college degree. In our reply, we recognized that since the reimbursement of college tuition was to be made with public funds, the reimbursement program must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. LouisianaMun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it has consistently been the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer *Page 3 
that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
Turning attention now to your proposed expenditure, we must first determine whether paying a library employee under the circumstances stated above, constitutes a public purpose that the Calcasieu Parish Public Library Board of Control has the legal authority to pursue.
Although it appears clear that our prior opinions allow for the expenditure of public funds in connection with meetings, workshops, and training programs, we find there to be a difference between educating and training employees with regard to their existing public duties and responsibilities and paying for their college education.
In our view, attending classes at a local university, while commendable, does not reasonably relate to the existing public duties and responsibilities of a library employee. It is our understanding that college attendance or a college degree is not required in order to fulfill or maintain the duties and responsibilities of a library employee.
In our view, the expenditure of public funds for education and training that goes above and beyond what is necessary to assist a library employee in performing their existing public duties and responsibilities amounts to an expenditure of public funds that is inconsistent with the duties the Calcasieu Parish Public Library Board of Control is charged with undertaking. Accordingly, since the proposed expenditure fails to meet the first prong of theCabela's test, it is our opinion that the Calcasieu Parish Public Library Board of Control may not pay for an employee to attend class at a local university, without taking leave, as such an expenditure would amount to a prohibited donation under Louisiana Constitution Article VII, Section 14. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt